IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **BOAZ ALLYN-FEUER,** | )( | **Civil Action No. 2:23-cv-117** |
| | )( | **(Jury Trial)** |
| *Plaintiff,* | )( | |
| | )( | |
| V. | )( | |
| | )( | |
| **JOHN DOE U.S. BORDER PATROL AGENTS 1-20;** | )( | |
| | )( | |
| | )( | |
| *Defendants.* | )( | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES Plaintiff BOAZ ALLYN-FEUER complaining of Defendants JOHN DOE U.S. BORDER PATROL AGENTS 1-20 and would respectfully show as follows:

### INTRODUCTION

1. Plaintiff is a commercial airline pilot with no criminal record. He was driving alone approximately 48 miles north of McAllen, Texas where he had been staying when he was required to stop at U.S. border patrol checkpoint. Thereafter, without reasonable suspicion, probable cause, or permission U.S. border patrol agents detained Plaintiff for about 25 minutes searching his vehicle, causing monetary damage to at least one piece of property, and using force on him for no

1

reason. Plaintiff asked for paperwork documenting the incident or a business card and the border patrol agent gave neither. Plaintiff was told by a border patrol agent to Google for the number. Later, Plaintiff Googled for the number and reached a border patrol supervisor who said there would be no record of the events.

## PARTIES

2. Plaintiff BOAZ ALLYN-FEUER is a resident of Colorado.

3. Defendants JOHN DOE U.S. BORDER PATROL AGENTS 1-20 (herein after sometimes Agent 1, Agent 2, etc.) are believed to be residents near Falfurrias, Texas where they were working the day of the incident and can be served with process whenever they are identified.

## JURISDICTION AND VENUE

4. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1346(b), as this cause arises under the laws of the United States providing for the protection of Civil Rights under *Bivens,* and may be enforced against all Defendants, herein named, through the Fourteenth Amendment.

5. Venue is proper pursuant to 18 U.S.C. § 1391 in Southern District of Texas, Corpus Christi Division.

## FACTUAL ALLEGATIONS

6. Boaz Allyn-Fruer ("Boaz") is 31 years old and never been arrested or convicted of a crime in his life. Boaz is a commercial passenger airplane pilot.

7. Boaz was in McAllen, Texas from April 28 to May 1, 2021.

8. May 1, 2021, Boaz was driving alone in his 1995 Subaru Legacy Outback on HWY 281 about 48 miles north of McAllen, Texas headed north to his home in Colorado.



-1995 Subaru Outback

9. Boaz came upon signage that indicated that it was mandatory that he must stop at this checkpoint run the U.S. Border and Protection agency.

10. Boaz pulled into the checkpoint and stopped in the appropriate spot at 1:54 PM.

11. Boaz questioned why he was being stopped and Agent # 1, a Hispanic male, said it was an "immigration inspection." It was very easy for Agent #1 to see into the entirety of the interior of vehicle as it had untinted windows all around (see example above). There was no other person than Boaz in the vehicle which was

3

evident just by looking from outside the vehicle. **Exhibit 1 and 2** is an audio recording and transcript of the incident and which will help identify the Agents involved in the incident whom Boaz sues (Agents 1-20).

12. Boaz then repeatedly asked if he was being detained, although based upon the signage and presence of many Agents it was obvious he was not free to leave.

13. In apparent response to Boaz's asking if he was being detained Agent #1 got on his radio and stated "I need a canine over to lane 3 [where Boaz was]."

14. Agent #1 told Boaz he was calling for his canine "to run the vehicle."

15. Then to a further query by Boaz whether he was free to go Agent #1 said, "No sir." and then stated "you are being detained."

16. Then Agent #10 (the dog handler) came with a canine which was walked around the vehicle.

17. Boaz did not hear the dog bark nor give any indication that he had smelled any contraband.

18. Agent #1 then ordered Boaz to drive to the "secondary" position a short distance away. Boaz did not want to go to the secondary and wished to leave.

19. After Boaz drove to the secondary Agent #2 then ordered Boaz out of his car. Boaz asked Agent #2 if he was being detained and Agent #2 said, "yes, you are."

20. Boaz asked Agent #2 and #3 why he was being detained and Agent #3 said "canine alert." As nothing was ever found Boaz asserts either the dog did not alert on any contraband and the Agents knew it or the dog alerted without smelling contraband.

21. Agent #2 asked Boaz for his ID. Boaz questioned why he needed to give his ID as he did not wish to, however, Agent #2 said it was a legal requirement. It is not a crime not to show your ID to a border patrol agent.

22. Boaz indicated his ID was in his car and directed Agent #2 to it only because he was forced to by Agent #2.

23. Before the Agents opened the doors of the vehicle Boaz clearly stated to Agent #2 and other Agents at his car "I do not consent to any search of my car." Agent #2 said "We don't require consent."

24. Agent #4 then pushed Boaz 20 or 30 feet to a bench area and then pushed him down onto the bench. At the time Boaz was not resisting and there was no need to push him.

25. Agent #4 then stated that when a dog alerts to either people or drugs they have probable cause to search the vehicle. Since Boaz is a person the dog would alert to his smell and Boaz is an American citizen and since dogs cannot smell the immigration status of a person and every car is driven by a person it is ridiculous to search a vehicle based upon the smell of a person. Boaz had dirty clothes in the car

from his trip and of course spent a lot of time in his car prior to the stop. Agent #4 stated the dog will alert when there is no contraband or knows the dog did not alert.

26.   Boaz had no drugs in the car and never had any drugs in the car since he had bought it in March 2019. There is no reason for the car to smell like drugs and in all likelihood did not smell like drugs.

27.   At least ten Agents then searched the vehicle knowing there was no probable cause to search. The search was very detailed going in all areas and opening all containers no matter how small. Boaz's belongings were put in disarray. An agent ruined a first aid kit valued at about ten dollars by staining it with an orange cleaning solution from a tube that Boaz had in his vehicle.

28.   After the search by the ten+ Agents an Agent then drove the car to a huge x-ray machine and the car was scanned. Agent #6 stated that when a canine alerts on a vehicle it must be x-rayed. Boaz did not consent to the x-ray. Agent #6 stated the x-ray images are observed by the Agents for contraband.

29.   After an Agent drove the car Boaz asked Agent #7 (an African-American male) and #8 for documentation of the search to which Agent #7 did not reply and Agent #8 said there is no documentation.

30.   Boaz asked for business card or a telephone number to call but Agents #7 and #8 gave neither. Agent #7 told Boaz to "Google" for a telephone number.

Later, Boaz Googled for the number and reached a border patrol supervisor who said there would be no record of the events.

31.   The Agents let Boaz leave 25 minutes after he was first detained. For much of this time Boaz could not observe what the agents were doing with his vehicle and belongings.

32.   After Boaz left his vehicle was in such a disarray he could not sleep in the vehicle as usual and had to stay in a hotel at a cost of around $60.00.

33.   During and since the incident Boaz has experienced embarrassment, anxiety, fear, nightmares, and well as other mental anguish. In all likelihood all or some of these symptoms will be experienced by Boaz in the future.

## CLAIMS

### COUNT ONE: BIVENS ACTION AGAINST AGENTS

34.   Plaintiff adopts and incorporates by reference each and every factual allegation in the preceding paragraphs as though fully set forth herein.

35.   42 U.S.C. Section 1983 does not apply to federal government actions. The Supreme Court has recognized, however, that monetary damage claims can be brought under the Fourth Amendment for illegal search and seizure in a line of cases starting with *Bivens v. Six Unknown Fed. Narcotics* Agents, 403 U. S. 388 (1971). Plaintiff brings a claim against Defendants for illegal search and seizure under the Fourth Amendment.

## DAMAGES

36. Plaintiff adopts and incorporates by reference each and every factual allegation in the preceding paragraphs as though fully set forth herein.

37. Plaintiff seeks all damages allowed by law as a result of the aforementioned conduct forming the basis for each of Plaintiff's causes of action. Plaintiff requests damages within the jurisdictional limits of the Court.

38. Plaintiff is entitled to reasonable attorneys' fees and costs in pursuing this matter, and any other reasonable and necessary damages as allowed 42 U.S.C 1988.

39. Plaintiff demands trial by jury.

## REQUEST FOR RELIEF

40. Plaintiff seeks judgment in their favor and against Defendants and ordering the Defendants to pay all damages, jointly and severally, recoverable under law to the Plaintiff, including the following:

a. Compensatory damages,

b. loss of enjoyment of life,

c. emotional pain,

d. physical pain & suffering,

e. mental anguish,

g. Punitive damages,

h.  Pre-judgment interest,

i.  Post-judgment interest,

j.  Costs of suit and fees as allowable by law,

k.  Attorneys' fees and expenses,

l.  Any other such relief as is deemed just and proper.

        KALLINEN LAW PLLC

        */s/ Randall L. Kallinen*
        Randall L. Kallinen
        State Bar of Texas No. 00790995
        U.S. So. Dist. of Texas Bar No. 19417
        511 Broadway Street
        Houston, Texas 77012
        Telephone:  713/320-3785
        FAX:        713/893-6737
        E-mail:     AttorneyKallinen@aol.com

        Alexander C. Johnson
        State Bar of Texas No. 24123583
        U.S. So. District of Texas Bar No. 3679181
        511 Broadway Street
        Houston, Texas 77012
        Telephone:  573/340-3316
        FAX:        713/893-6737
        Email:      alex@acj.legal

        ATTORNEYS FOR PLAINTIFF